**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **MILTON MARTIN,** | **PETITIONER** |
| **V.** | **NO. 1:06CV71-D-D** |
| **JIM JOHNSON, ET AL,** | **RESPONDENTS** |

## <u>O P I N I O N</u>

This cause comes before the court on the petition of Milton Martin for a writ of habeas corpus pursuant. Petitioner states that he is being held in pre-trial confinement in the Lee County Jail pending charges of armed robbery and burglary. The only ground upon which he claims error is that he is being held under excessive bail.

State prisoners seeking federal habeas review prior to state trial and conviction proceed under 28 U.S.C. § 2241(c)(3) rather than § 2254. Pretrial habeas relief is available under 2241(c)(3) only if state pretrial remedies are exhausted and special need exists for federal review of claim prior to trial. *See Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987), *cert. Denied*, 484 U.S. 956 (1987).

Although federal courts may review state bail orders through habeas corpus after exhaustion of state remedies, federal intervention in this discretionary determination is rare, and federal courts cannot require that state courts give reasons for denial of bail. *Jenkins v. Harvey*, 634 F.2d 130 (4th Cir. 1980). As noted below, petitioner has clearly not exhausted state remedies, so it is not necessary to analyze whether or not this court should use the rare remedy of intervening in state court bail matters.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v.*

*Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner states that he has filed a petition for habeas corpus relief in the Mississippi Supreme Court, which has not ruled on the petition. Until it does so, the "state's highest court [has not had] a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of March, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE